UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-02639-FWS-SHK                                    Date: March 12, 2024
Title: Blanca Sanchez v. Geodis Logistics LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING MOTION TO REMAND [13]**

Before the court is Blanca Sanchez's ("Plaintiff") Motion for Order Remanding Action to State Court. (Dkt. 13 ("Motion" or "Mot.").) Defendants Geodis Logistics, LLC and Geodis USA, LLC ("Defendants") filed an opposition the Motion, (Dkt. 14 ("Opposition" or "Opp.")), to which Plaintiff has replied, (Dkt. 15 ("Reply")). Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**, and this case is **REMANDED** to California Superior Court, San Bernardino County, case number CIV SB 2316535.

### I. Background

In this removal case, Plaintiff alleges Defendants violated various California state laws over the course of Plaintiff's employment with Defendants as a material handler, which ended in her assertedly wrongful termination. (Dkt. 1, Exh. A ("Complaint" or "Compl.") ¶¶ 13-30.) Plaintiff also alleges Defendant Eva Doe failed to provide Plaintiff reasonable accommodations despite Plaintiff's requests and contributed to a hostile work environment. (*Id.* ¶¶ 7, 20, 23.) In total, Plaintiff asserts twelve causes of action against Defendants. (*Id.* ¶¶ 31-130.) One of these causes of action, Plaintiff's claim for harassment in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12940 *et seq.*, is also brought against Defendant Eva Doe. (*Id.* ¶¶ 42-52.)

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-02639-FWS-SHK                                      Date: March 12, 2024
Title: Blanca Sanchez v. Geodis Logistics LLC *et al.*
_____

Defendants removed this case based on diversity jurisdiction, asserting Defendant Eva Doe was fraudulently joined and the court should consequently disregard her citizenship. (Dkt. 1 ¶¶ 36-40.) In the Motion, Plaintiff argues the court lacks diversity jurisdiction over this action because Defendants have not carried their burden to show that the court should disregard Defendant Eva Doe's citizenship under the fraudulent joinder doctrine, and Plaintiff shares state citizenship with Defendant Eva Doe. (Mot. at 5-11; Reply at 2-6.) Opposing remand, Defendants argue Defendant Eva Doe was fraudulently joined given the Complaint's lack of specificity as to Defendant Eva Doe's identity, and so the court should disregard her citizenship for jurisdictional purposes. (Opp. at 1-12.)

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:23-cv-02639-FWS-SHK | Date: March 12, 2024 |
| Title: Blanca Sanchez v. Geodis Logistics LLC *et al.* | |

Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson*, 437 F.3d at 899. If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Federal question jurisdiction refers the court's original jurisdiction over civil actions "arising under" the Constitution, laws, or treaties of the United States. *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022); 28 U.S.C. § 1331. A case "arises under" federal law when federal law creates the cause of action asserted or in limited circumstances where a state law claim presents a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 257-58. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Accordingly, federal question jurisdiction cannot be predicated on an anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009).

### III. Discussion

The sole issue before the court is whether Defendant Eva Doe is fraudulently joined in this action. It is undisputed that the court lacks diversity jurisdiction if Defendant Eva Doe's citizenship is considered because both are citizens of California. (*See* Compl. ¶¶ 2, 6.) It is

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:23-cv-02639-FWS-SHK | Date: March 12, 2024 |
| Title: Blanca Sanchez v. Geodis Logistics LLC *et al.* | |

likewise undisputed that the court has diversity jurisdiction over this action absent Defendant Eva Doe's citizenship because Defendants are completely diverse from Plaintiff and the amount in controversy is met. (*See* Dkt. 1 ¶¶ 13-22; Compl. ¶ 2.) No party contends this case arises under federal law or a basis for the court's subject matter jurisdiction separate from diversity jurisdiction exists. (*See* Mot.; Opp.; Reply; *see generally* Dkt. 1; Compl.) Accordingly, the court's subject matter jurisdiction in this case turns on whether it is proper to ignore Defendant Eva Doe's citizenship under the fraudulent joinder doctrine.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). However, there is both a "strong presumption against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation and internal quotation marks omitted), and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). Accordingly, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden.'" *Grancare*, 889 F.3d at 548. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

Fraudulent joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:23-cv-02639-FWS-SHK | Date: March 12, 2024 |
| Title: Blanca Sanchez v. Geodis Logistics LLC *et al.* | |

As noted, the parties' disagreement revolves around whether Defendant Eva Doe is identified in the Complaint with enough specificity such that her citizenship should be considered (or disregarded) for jurisdictional purposes. Defendants do not meaningful argue that there was "actual fraud" in the pleading of the Complaint's jurisdictional allegations or that Plaintiff would be unable to establish a cause of action against Defendant Eva Doe.[1] Accordingly, the court considers only whether Defendant Eva Doe's identity is sufficiently pleaded for jurisdictional purposes.

In determining whether a civil action is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citing 28 U.S.C. §§ 1441(a), 1447(e)).

However, "courts have found that the question of whether Doe defendants may destroy diversity is a 'convoluted and unsettled' one." *Goldsmith v. CVS Pharmacy, Inc.*, 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020) (quoting *Robinson v. Lowe's Home Centers, LLC*, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015)). "While some courts find the language of § 1441 preclusive, others find a distinction exists between 'fictitious' and real party Does that requires greater scrutiny." *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020) (citations omitted). Courts adhering to the latter view consider whether the plaintiff's "description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015). The parties adopt the view that Defendant Eva Doe's citizenship may be considered provided Defendant Eva Doe is described sufficiently in the Complaint, but disagree on whether the Complaint meets that standard. (*See* Mot. at 6-9; Opp. at 1-4; Reply at 2-6.)

___

[1] The court therefore need not separately address Plaintiff's argument in the Reply that the Complaint states a claim against Defendant Eva Doe for harassment under FEHA.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:23-cv-02639-FWS-SHK | Date: March 12, 2024 |
| Title: Blanca Sanchez v. Geodis Logistics LLC *et al.* | |

Per the Complaint, Defendant Eva Doe was and is an individual residing in California and working for Defendants in San Bernardino County. (Compl. ¶ 6.) Plaintiff alleges Defendant Eva Doe was employed as a manager at the time of the events alleged in the Complaint, and served in that role as either an officer, director, or managing agent. (Compl. ¶¶ 7, 23.) Plaintiff alleges she reported a work injury she sustained to her arms and shoulders to Defendant Eva Doe and requested help performing her job duties and medical treatment, but that Defendant Eva Doe refused to "engage [Plaintiff] in any interactive process to provide a reasonable accommodation." (*Id.* ¶ 20.) The Complaint alleges Defendant Eva Doe "mocked" Plaintiff and told Plaintiff that "[Plaintiff's] work injuries were not work-related, issued bogus warnings against her, continued refusing to address [Plaintiff's] concerns to her health's detriment, and maintained a hostile work environment against her." (*Id.*) The Complaint asserts one claim against Defendant Eva Doe based on these allegations for harassment under FEHA. (*Id.* ¶¶ 42-52.)

The court finds these allegations are sufficiently specific to demonstrate that Defendant Eva Doe is not merely fictitious but an ascertainable party known to Plaintiff whose liability and relation to the suit is alleged in the Complaint. *See Fisher v. Direct TV, Inc.*, 2013 WL 2152668, at *5 (D. Mont. May 16, 2013) (allegations that Doe defendants were named defendant's customer service representatives in Montana with whom plaintiff dealt were sufficient to establish the "Doe defendants are reasonably identifiable as [named defendant's] employees who are citizens of Montana"); *Barnes v. Costco Wholesale Corp.*, 2019 WL 6608735, at *2 (C.D. Cal. Dec. 4, 2019) (finding allegations of county of residence, employment position, and role in plaintiff's action sufficient to identify Doe defendant). Stated differently, these allegations "concer[ing] the [Defendant Eva Doe] provide a reasonable indication of [Defendant Eva Doe's] identity, the[ir] relationship to the action, and their diversity-destroying citizenship," and thus "the [c]ourt lacks diversity jurisdiction." *See Robinson*, 2015 WL 13236883, at *3.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-02639-FWS-SHK                                        Date: March 12, 2024
Title: Blanca Sanchez v. Geodis Logistics LLC *et al.*

    Defendants' chief contention to the contrary is that these allegations are too generic to tie Defendant Eva Doe to this action.[2] Defendants note the Complaint's allegations against the defendants in this action "include[e]" Defendant Eva Doe or refer to Defendant Eva Doe "in particular," and assert that the Complaint does not specify that Defendant Eva was Plaintiff's manager as opposed to a manager generally. (*See* Opp. at 5-6.) The court finds these arguments unpersuasive. The Complaint's allegations refer to Defendant Eva Doe specifically; to the extent they fail to identify the defendant to which they relate with particularity, they fail to identify the unspecified *other* individuals. Defendant Eva Doe is also alleged to hold a supervisory role in which Defendant Eva Doe refused to provide Plaintiff reasonable work accommodations. (*See* Compl. ¶ 20.); *see also Hunter*, 582 F.3d at 1042 ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court.") (quoting *Gaus*, 980 F.2d at 566). Moreover, fraudulent joinder is improperly invoked if "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend," *see Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018), and any shortcoming in pleading particularity as to Defendant Eva Doe could be cured by amendment if it were necessary.

    In sum, the court concludes Defendants have not carried their "heavy burden" to establish diversity jurisdiction based on fraudulent joinder. *See Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1180 (E.D. Cal. 2020) (collecting cases); *accord Grancare*, 889 F.3d at 548. Absent that showing, the court lacks subject matter jurisdiction over this action, and therefore **REMANDS** this case to California Superior Court, San Bernardino County, case number CIV SB 2316535. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

    **IT IS SO ORDERED.**

---

[2] The court does not find Defendants' argument that joinder of Defendant Eva Doe is not necessary, (Opp. at 6-7), provides a cognizable basis to find Defendant Eva Doe was fraudulently joined, *see* Fed. R. Civ. P. 20(a)(2) (providing for permissive joinder of defendants).